```
                    FILED              RECEIVED
                    ENTERED            SERVED ON
                              COUNSEL/PARTIES OF RECORD

                         OCT 2 0 2011

                    CLERK US DISTRICT COURT
                       DISTRICT OF NEVADA
               BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GILBERT NAVES,  | 3:11-cv-00153-LRH (WGC) |
| Plaintiff, | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| vs. | |
| MIKE HALEY, et. al. | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Before the court is Defendant Haley's Motion to Dismiss. (Doc. #11.)[1] Plaintiff did not file an opposition, but filed a Motion to Strike (Doc. # 13), which Defendant Haley opposed (Doc. # 14). Plaintiff filed a reply. (Doc. # 15.) After a thorough review, the court recommends that Defendant's Motion to Dismiss (Doc. # 11) be denied, and Plaintiff's Motion to Strike (Doc. # 13) be denied.

## I. BACKGROUND

Plaintiff Gilbert Naves (Plaintiff) is an inmate in custody of the Nevada Department of Corrections (NDOC), currently housed at Northern Nevada Correctional Center. (Pl.'s Compl. (Doc. # 6) 2.) The events giving rise to this action took place while Plaintiff was a pretrial detainee at Washoe County Detention Center (WCDC). (*Id.*) Plaintiff, a *pro se* litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id.* at 1.) Defendants are Washoe County Sheriff

---

[1] Refers to the court's docket number.

Mike Haley, and Does 1-3. (*Id.* at 2.)

Plaintiff claims that in December 2009, officer John Doe 1 at WCDC forced him to sleep on the top bunk, despite his knowledge that Plaintiff frequently had violent dreams and fell out of bed. (Doc. # 6 at 4, 5.) Plaintiff had a violent dream and fell from the top bunk, breaking three ribs and injuring his head and neck. (*Id.*) Defendants Doe 2, a WCDC nurse, and Doe 3, a WCDC doctor, told Plaintiff he was only bruised, gave him some ibuprofen, and refused any other medical attention for two weeks. (*Id.*) Plaintiff has ulcers and hepatitis-c, and ibuprofen aggravates these conditions. (*Id.* at 5.) Finally, Plaintiff demanded to see an outside doctor and x-rays were taken, revealing broken ribs. (*Id.* at 5.) Plaintiff received pain medication compatible with his other medical conditions. (*Id.*) Plaintiff claims Does 1-3 acted pursuant to Defendant Haley's personal, written policy encouraging officers to mistreat detainees. (*Id.* at 3-4.)

Defendant Haley brings the instant Motion to Dismiss arguing that Plaintiff's allegations merely give rise to a potential claim for negligence or medical malpractice, and do not rise to the level of deliberate indifference sufficient to state a claim under 42 U.S.C. § 1983. (Doc. # 11.) Plaintiff did not file an opposition; instead, he filed a Motion to Strike Defendant's Motion to Dismiss. (Doc. # 13.)

## II. MOTION TO DISMISS

### A. LEGAL STANDARD

Federal courts conduct a preliminary screening in cases where an inmate seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). On screening, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted). Dismissal of a complaint on the ground that it fails to state a claim upon which relief may be granted is also

provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or amended complaint.

"A dismissal under Federal Rule of Civil Procedure 12(b)(6) is essentially a ruling on a question of law." *North Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 580 (9th Cir. 1983) (citation omitted). Under Rule 8(a), "a claim for relief must contain...a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The Supreme Court has found that at minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but it must contain more than "a formulaic recitation of the elements of a cause of action." *Id.* at 555 (citation omitted). The Rule 8(a) notice pleading standard requires the plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (internal quotations and citation omitted).

In considering a motion to dismiss for failure to state a claim upon which relief may be granted, all material allegations in the complaint are accepted as true and are to be construed in a light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.2d 336, 337-38 (9th Cir. 1996) (citation omitted). However, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. As a general rule, the court may not consider any material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim without converting it into a motion for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). A court may, however, take judicial notice of matters of public record pursuant to Federal Rule of Evidence 201, provided that the judicially noticeable facts are not subject to reasonable dispute. *Id.* at 689; Fed.R.Evid. 201(b).

///

## B. DISCUSSION

This action was screened, and the court entered an order on May 4, 2011, finding Plaintiff presented sufficient facts to allow the claim of deliberate indifference to his safety to proceed against Defendant Haley and officer Doe 1, and his claim of deliberate indifference to a serious medical need to proceed against Defendant Haley, WCDC nurse Doe 2, and WCDC doctor Doe and 3. (Doc. # 9.) Nonetheless, Defendant now moves to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) on the grounds that Plaintiff merely states a claim for negligence or medical malpractice that does not rise to the level of a constitutional violation. (Doc. # 11.)

First, Defendant Haley relies heavily on law from the Eighth and Second Circuits despite an abundance of authority on this subject in the Ninth Circuit. Second, Defendant Haley sets forth the standard for a motion to dismiss, acknowledging that "the court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations," (see Doc. # 11 at 2:10-12 (citation omitted)), yet Defendant Haley appears to ask the court to apply something other than this legal standard in reviewing Plaintiff's Complaint in connection with the Motion to Dismiss. For example, Defendant Haley tries to analogize the circumstances here to the Eighth Circuit decision in *Johnson v. Hamilton*, 452 F.3d 967 (8th Cir. 2006), and specifically refers to the lack of *evidence* to support a claim of deliberate indifference. Confronted with a motion to dismiss, the court is not focused on what *evidence* is presented. Rather, the court is tasked with reviewing only that which is contained within the four-corners of Plaintiff's Complaint, and must accept the allegations as true.[2]

### 1. Rights of Pretrial Detainees

As a pretrial detainee, Plaintiff's claims are analyzed under the Fourteenth Amendment, as the Eighth Amendment's prohibitions do not apply "until after conviction and sentence."

---

[2] Using the same standard, the court found on screening that Plaintiff states colorable claims under the Fourteenth Amendment for deliberate indifference to a serious threat to his safety and deliberate indifference to his serious medical need. (*See* Doc. # 5 at 4-6.)

4

*Graham v. Connor*, 490 U.S. 386, 392 n. 6 (1989). "Under the Due Process Clause, detainees have a right against jail conditions or restrictions that "amount to punishment." *Pierce v. County of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-37 (1979)). "As state pre-trial detainees, plaintiffs are protected by the Fourteenth Amendment's Due Process Clause, as well as specific substantive guarantees of the federal Constitution, such as the First and Eighth Amendments." *Id.* "Eighth Amendment standards provide a minimum standard of care for determining a prisoner's rights as a pretrial detainee, including the prisoner's rights...to medical care." *Johnson v. Meltzer*, 134 F.3d 1393, 1398 (9th Cir. 1998) (internal quotation marks and citation omitted).

### 2. Deliberate Indifference to Serious Threats to Plaintiff's Safety

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. *See Farmer*, 511 U.S. at 834. The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate...safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.* at 837.; *see also Simmons v. Navajo County*, 609 F.3d 1011, 1017 (9th Cir. 2010). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. *See Farmer*, 511 U.S. at 842; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995). Ultimately, prison officials may avoid liability by presenting evidence in a motion for summary judgment or at trial that they lacked knowledge of the risk. *See id.* at 844.

In *Frost v. Agnos*, 152 F.3d 1124 (9th Cir. 1998), the Ninth Circuit found deliberate indifference to a pretrial detainee's safety where jail officials placed the detainee, who was using crutches, in a unit with non-handicapped accessible showers and the detainee complained about falling. *Frost*, 152 F.3d at 1129; *but see id.* at 1129-30 (holding no deliberate indifference

where detainee did not inform jail officials of problems with managing his crutches and food tray). Here, Plaintiff claims that officer Doe 1 forced him to sleep on the top bunk *despite his knowledge* that Plaintiff frequently had violent dreams and fell out of bed. (Doc. # 6 at 4, 5.) Plaintiff asserts he had a violent dream and fell from the top bunk, resulting in three broken ribs and injuries to his head and neck. (*Id.*) Plaintiff claims that the officer acted pursuant to Defendant Haley's personal, written policy encouraging officers to mistreat detainees. (*Id.* at 3-4.) Although Plaintiff's factual allegations are somewhat incredulous, at this stage they must be accepted as true. Therefore, these allegations are sufficient to withstand a motion to dismiss, and state a colorable claim for deliberate indifference to a serious risk to Plaintiff's safety against Defendants Haley and officer Doe 1.

### 3. Deliberate Indifference to Plaintiff's Serious Medical Need

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and its "principles establish the government's obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). A prisoner can establish an Eighth Amendment violation arising from deficient medical care if he can prove that prison officials were deliberately indifferent to a serious medical need. *Id.* at 104. "[D]eliberate indifference to serious medical needs constitutes the 'unnecessary and wanton infliction of pain,'" whether "manifested by prison doctors in their response to the prisoner's needs or by prison guards intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-105 (citations omitted).

A finding of deliberate indifference involves the examination of two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's responses to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *rev'd on other grounds, WMX Tech., Inc. v. Miller*, 104 F.3d. 1133 (9th Cir. 1997). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Id.* (citing *Estelle*, 429 U.S. at 104). Examples of conditions that are "serious" in nature include "an injury that a reasonable doctor or patient

6

would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id.* at 1059-60; *see also Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (quoting *McGuckin* and finding that inmate whose jaw was broken and mouth was wired shut for several months demonstrated a serious medical need).

If the medical needs are serious, Plaintiff must show that Defendants acted with deliberate indifference to those needs. *Estelle*, 429 U.S. at 104. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Deliberate indifference entails something more than medical malpractice or even gross negligence. *Id.* Inadvertence, by itself, is insufficient to establish a cause of action under § 1983. *McGuckin*, 974 F.2d at 1060. Instead, deliberate indifference is only present when a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002) (quoting *Farmer*, 511 U.S. at 858). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment" or the express orders of a prisoner's prior physician for reasons unrelated to the medical needs of the prisoner. *Hunt v. Dental Dep't.*, 865 F.2d 198, 201 (9th Cir. 1989) (internal quotation marks and citation omitted). Where delay in receiving medical treatment is alleged, a prisoner must demonstrate that the delay led to further injury. *McGuckin*, 974 F.2d at 1060.

In addition, a prison physician is not deliberately indifferent to an inmate's serious medical need when the physician prescribes a different method of treatment than that requested by the inmate. *See McGuckin*, 974 F.2d at 1059 (explaining that negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (difference of opinion regarding the best course of medical treatment does not amount to deliberate indifference);

7

*Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (difference of opinion between a prisoner-patient and medical staff regarding treatment is not cognizable under § 1983). To establish that a difference of opinion amounted to deliberate indifference, the inmate "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and that the course of treatment was chosen "in conscious disregard of an excessive risk to [the prisoner's] health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (citations omitted).

Plaintiff alleges that after he fell off of the top bunk, Defendants Doe 2, a WCDC nurse, and Doe 3, a WCDC doctor, told Plaintiff he was only bruised, gave him some ibuprofen, and refused any other medical attention for two weeks. (Doc. # 6 at 4-5.) Plaintiff asserts he has ulcers and hepatitis-c, and ibuprofen aggravates these conditions. (*Id.* at 5.) Plaintiff alleges that he demanded to see an outside doctor and x-rays were taken, revealing broken ribs. (*Id.* at 5.) Plaintiff received pain medication compatible with his conditions. (*Id.* at 5.) Again, Plaintiff claims Does 2 and 3 acted pursuant to Defendant Haley's personal, written policy encouraging officers to mistreat detainees. (*Id.* at 3-4.)

As to the first prong of the deliberate indifference claim, as stated above, conditions that are "serious" include injuries "that a reasonable doctor or patient would find important and worthy of comment or treatment." Plaintiff's allegation that he suffered broken ribs and injuries to his head and neck certainly satisfies this requirement for purposes of withstanding a motion to dismiss. Likewise, as to the second prong of the deliberate indifference analysis, Plaintiff's allegations that Defendants denied or delayed treatment of his broken ribs, and gave him medication that aggravated his other medical conditions, "leaving him in substantial pain for over two weeks" (*see* Doc. # 6 at 3, 5), are sufficient to withstand dismissal at this juncture.

Accordingly, the court finds, as it did on screening, that Plaintiff states a colorable claim of deliberate indifference to a serious medical need against Defendants Haley, nurse Doe 2, and doctor Doe 3.

///

### 4. Conclusion

For the reasons stated above, the court recommends that Defendant Haley's Motion to Dismiss (Doc. # 11) be denied. That is not to say Defendant may not be successful in asserting these or other defenses in a properly supported motion for summary judgment or at trial. However, at this juncture, the court's analysis is confined to the four-corners of the complaint, and the court finds now, as it did on screening, that the allegations are sufficient to withstand a motion to dismiss. Defendants should be ordered to answer the complaint.

### III. PLAINTIFF'S MOTION TO STRIKE

Plaintiff filed a Motion to Strike Defendant Haley's Motion to Dismiss, arguing: (1) Defendant failed to file points and authorities; (2) Defendant has moved for full dismissal but has not asserted why Count I should be dismissed; (3) failure to deny or adequately defend constitutes an admission requiring the motion be stricken; (4) Defendant waived this defense when the case was removed; and (5) the court found Plaintiff states a medical claim under the Fourteenth Amendment on screening. (Doc. # 13.)

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Only pleadings are subject to motions to strike. Fed.R.Civ.P. 12(f); *see also Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Under Federal Rule of Civil Procedure 7(a), "pleadings" include complaints, answers, replies to counterclaims, answers to cross-claims, third-party complaints, and third-party answers. Fed. R. Civ. P. 7(a). As such, a motion to strike is not the procedurally proper method to challenge Defendant Haley's Motion to Dismiss. Instead, Plaintiff should have asserted his arguments in an opposition to the motion. Therefore, Plaintiff's Motion to Strike (Doc. # 13) should be denied.

### IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **DENYING** Defendant Haley's Motion to Dismiss (Doc. # 11) and ordering Defendants to answer Plaintiff's Complaint.

**IT IS HEREBY FURTHER RECOMMENDED** that the District Judge enter an Order **DENYING** Plaintiff's Motion to Strike (Doc. # 13).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: October 20, 2011

_William M. Cobb_

UNITED STATES MAGISTRATE JUDGE